**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS FLOYD BRISSETTE, SR., | No. 19-55093 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-09284-JGB-PJW |
| v. | |
| P. FINANDER, M.D., M.B.A., C.C.H.P. Chief Medical Executive; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| ATTY GEN J BROWN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted January 8, 2020**

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner Thomas Brissette appeals pro se from the district

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his narcolepsy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for Dr. Winslow because Brissette failed to raise a genuine dispute of material fact as to whether Dr. Winslow was deliberately indifferent to Brissette's narcolepsy. *See id.* at 1057 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health).

The district court properly granted summary judgment for Drs. Finander, Wu, and Lee because Brissette failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Albino v. Baca*, 747 F.3d 1162, 1168, 1172 (9th Cir. 2014) (en banc) (setting forth standard of review; explaining that once the defendant has carried the burden to prove that there was an available administrative remedy, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him).

Brissette's request for sanctions is denied.

**AFFIRMED.**